**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-1044 RLW |
| | ) | |
| TIFFANY MCALLISTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the Court on Defendant Tiffany McAllister's pro se letter received April 24, 2023 (ECF No. 108), that the Court construes as a pro se motion to reduce her sentence to a term of time served. The United States opposes the motion. Defendant has not filed a reply in support of her motion and the time to do so passed on May 30, 2023. For the following reasons, Defendant's motion will be denied without prejudice for lack of jurisdiction.

**Background**

On December 19, 2019, Defendant was indicted by a federal grand jury on six counts of Assisting in the Preparation of a Fraudulent Return in violation of 26 U.S.C. § 7206(2). On March 31, 2021, Defendant entered a guilty plea to three counts of the indictment. Defendant's conviction was based on her preparation of thirty-nine fraudulent tax returns on behalf of clients of her tax preparation business between January 1, 2014, and December 31, 2016. Although the relevant conduct was $920,854.00, the tax losses were restricted to $205,093 for purposes of the sentencing guidelines calculations. On June 30, 2021, the Court sentenced Defendant at the low end of the sentencing guidelines range to thirty-seven months incarceration, one year of supervised release, a special assessment of $300, and restitution of $920,854.00. The United States dismissed the remaining three counts of the indictment pursuant to the parties' plea agreement. Defendant's current

projected release date from the Bureau of Prisons ("BOP") is February 9, 2024. See Inmate Locator, www.bop.gov/inmateloc (last visited June 21, 2023).

According to Defendant's motion, the BOP denied her the ability to apply First Step Act ("FSA") programming credit of 258 days because of her inability to pay $246 per month in restitution while incarcerated. (ECF No. 108 at 1.) As a result, Defendant asks the Court to reduce her sentence to time served. Defendant's motion references the CARES Act and the FSA. Defendant states that she has not received any disciplinary actions while in the BOP and has taken numerous classes, that she has medical conditions requiring constant physician care but her institution "has no doctor here," and that her daughter has a serious sleep disorder and her mother is elderly. (Id. at 1-2.)

The United States opposes the motion. It states that Defendant agreed to participate in the BOP's Inmate Financial Responsibility Program ("IFRP") starting March 16, 2023, and to make a monthly payment of $84.00, not $246.00. In support, it provides Defendant's BOP Summary Reentry Plan – Progress Report on Defendant dated April 22, 2023 (ECF No. 110-1 at 3.) The United States also asserts that Defendant received 115 days of FSA federal time credits after she agreed to participate in the IFRP. The Court does not examine these factual issues further because it agrees with the United States' additional argument that the Court lacks jurisdiction to address Defendant's motion.

**Discussion**

The procedural basis of Defendant's motion is unclear, but the relief she seeks is the reduction of her term of imprisonment to time served. A district court has the power to modify a term of imprisonment in limited circumstances only. 18 U.S.C. § 3582(c). The first circumstance is on motion of the Director of the Bureau of Prisons, or of the Defendant after full exhaustion of all Bureau of Prisons administrative appeal rights, showing extraordinary and compelling reasons warranting a reduction in the sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

A second circumstance is set forth in Federal Rule of Criminal Procedure 35, see id. § 3582(c)(1)(B), which allows a court to correct, within 14 days after sentencing, "a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 35(a) does not permit a court "to reconsider the application or interpretation of the sentencing guidelines" or "simply to change its mind about the appropriateness of the sentence." United States v. Sadler, 234 F.3d 368, 374 (8th Cir. 2000) (quoting Fed. R. Crim. P. 35 advisory committee's note, 1991 amendments).

A third circumstance is if a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2).

Defendant's motion does not fit within any of the foregoing categories. Defendant does not assert that there was an error in her sentence, or that her sentencing range was subsequently lowered by the Sentencing Commission. As such, neither §§ 3582(c)(1)(B) or (c)(2) would permit sentence modification here. To the extent Defendant's motion was intended to be considered as a motion for compassionate release under the First Step Act—based on Defendant's medical condition and facts concerning her daughter and mother—it must be denied without prejudice because Defendant offers no evidence that she has fully exhausted her BOP administrative remedies. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

The Court finds that Defendant's motion seeking release on time served is more properly construed as a challenge to the BOP's execution of her Judgment in a Criminal Case, with respect to her placement in an Inmate Financial Responsibility Plan ("IFRP") and the imposition of sanctions for her noncompliance with the IFRP's payment terms.

---

[1]Defendant previously filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 72), that this Court reviewed and denied. (ECF No. 90). The denial was affirmed by the Eighth Circuit Court of Appeals. United States v. McAllister, No. 22-2151 (June 27, 2022) (unpublished per curiam).

Any challenge to a restitution payment schedule under the BOP's administrative program, or to sanctions for noncompliance with such a schedule, must be filed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, in the district where Defendant is incarcerated. See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (prisoners' challenges against an "IFRP payment schedule" are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out"); see also McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution" of defendant's sentence and are therefore within the "rubric of a § 2241 habeas petition."); United States v. Diggs, 578 F.3d 318, 320 (5th Cir. 2009) (defendant's challenge to restitution payments under the IFRP must be brought in a § 2241 petition after all administrative remedies are exhausted).

A § 2241 habeas petition must be filed in the judicial district in which the defendant is currently incarcerated. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Because Defendant is not incarcerated in the Eastern District of Missouri, the Court has no jurisdiction to review her claim and must dismiss it without prejudice. Defendant may raise this issue in a petition for writ of habeas corpus under § 2241 filed in the district where she is incarcerated, after she has exhausted all BOP administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tiffany McAllister's pro se letter (ECF No. 108) is **DENIED without prejudice** to the extent it is construed as a motion for compassionate release, based on failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Defendant Tiffany McAllister's pro se letter (ECF No. 108) is **DENIED without prejudice for lack of jurisdiction** to the extent it is construed as a motion to reduce Defendant's sentence to a term of time served based on Defendant's challenge to the

Bureau of Prisons Inmate Financial Responsibility Program payment schedule and sanctions imposed for noncompliance therewith.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of June, 2023.